IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LAQUEITON D. BRANCH,

                                                      OPINION AND ORDER

        Petitioner,

                                                         16-cv-112-bbc
                                                          08-cr-177-bbc

      v.

UNITED STATES OF AMERICA,

        Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Laqueiton D. Branch has brought an action for post conviction relief under 28 U.S.C. § 2255, challenging his conviction as an armed career criminal.  He contends that his sentence was enhanced erroneously in reliance on three prior Wisconsin convictions for robbery with the use of force.  After reviewing the relevant case law, I conclude that petitioner is correct.  His prior convictions cannot be classified as violent felonies under § 942(e)(2)(B)(i); his challenge is timely; and he is entitled to be resentenced without the armed career criminal enhancement.

## RECORD FACTS

      In 2008, petitioner was charged with possession of a firearm, in violation of 18 U. S. C. § 922(g).  He pleaded guilty and was sentenced as an armed career criminal

1

under 18 U.S.C. § 924(e) because he had at least three prior robbery convictions, all in violation of Wis. Stat. § 943.32(1)(a), each of which appeared to be a violent felony under subsection (2)(B)(i) of § 924(e). Petitioner was sentenced to a term of 180 months, the mandatory minimum sentence for an armed career criminal under § 924(e). He filed an appeal from his sentence but did not pursue it.

In 2010, the Supreme Court decided Johnson v. United States, 559 U.S. 133 (2010), holding that a prior conviction does not qualify as a violent felony under subsection (i) of § 924(3)(2)(B) unless it is clear that the defendant's prior convictions were for crimes having "as an element the use, attempted use, or threatened use of physical force against the person." Id. at 138. (To distinguish this Johnson decision from the Court's 2015 decision in Samuel Johnson v. United States, 133 S. Ct. 2551, I will refer to it as "Curtis Johnson v. United States.")

Petitioner did not file a motion for post conviction relief within a year of the decision in Curtis Johnson or at any other time until he filed his present motion in 2016. However, in 2013, petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the Central District for Illinois, arguing that he was actually innocent of the Armed Career Criminal Act enhancement. Branch v. Rios, case no. 13-cv-1007 (C.D. Ill. 2013). The motion was denied, as was his motion for reconsideration, which was filed under Fed. R. Civ. P. 59(e).

2

OPINION

Ordinarily, the first question to be answered in addressing a motion for post conviction relief is a procedural one: is the motion timely? In this case, however, the government has waived any untimeliness objection to petitioner's motion by not raising the issue so I will proceed to consider the motion. In addition, it has not argued that petitioner's § 2241 filing in the Central District of Illinois bars his filing in this case.

The substantive question is whether petitioner's prior convictions for robbery in violation of Wis. Stat. § 943.32 qualify as violent felonies under § 942(e)(2)(B)(i) of the Armed Career Criminal Act, that is, whether they have as an "element the use, attempted use or threatened use of physical force against the person of another." At the outset, it seems obvious that the answer would be yes, but petitioner has made a compelling argument that the Wisconsin Supreme Court's construction of Wis. Stat. § 943.32 is broad enough to encompass robberies that do not necessarily have this element.

Wisconsin defines simple robbery as follows:

Whoever, with intent to steal, takes property from the person or presence of the owner by either of the following means is guilty of a Class E felony:

(a) By using force against the person of the owner with intent thereby to overcome his or her physical resistance or physical power of resistance to the taking or carrying away of the property; or

(b) By threatening the imminent use of force against the person of the owner or another who is present with intent thereby to compel the owner to acquiesce in the taking or carrying away of the property.

The question raised in petitioner's motion is whether § 943.42 requires the use of

3

"physical force" as that term is defined in § 942.43. State courts and legislatures determine the elements of state laws. Curtis Johnson, 599 U.S. at 138 (United States Supreme Court is "bound by the Florida Supreme Court's interpretation of state law, including its determination of the elements" of the state statute). However, whether a particular action constitutes "physical force" under the Armed Career Criminal Act is a question determined under federal law. Thus, in Curtis Johnson, 599 U.S. at 138, the Court deferred to the Florida court's interpretation that the element of "actually and intentionally touching" under state law was "satisfied by *any* intentional physical contact, 'no matter how slight,' State v. Hearns, 961 So. 2d 211, 217 (Fla. 2007)." Id. However, the Court determined that in the "context of a statutory definition of '*violent* felony,' the phrase 'physical force' means '*violent* force— that is, force capable of causing physical pain or injury to another person." Id. at 140. Curtis Johnson's prior conviction for simple battery under Florida law would ordinarily have been a first-degree misdemeanor unless, as he did, the defendant has a prior conviction for battery). Because nothing in the record permitted the sentencing court to determine the specific clause under which he had been convicted and because actually and intentionally touching another person could not be characterized under Florida law as a crime involving the use of physical force, the Court concluded that the battery sentence could not be considered a predicate sentence for a mandatory minimum sentence under 18 U.S.C. § 924(e)(2)(B)(i) of the Armed Career Criminal Act.

In this case, the three allegedly violent felonies that made petitioner an armed career criminal were all robberies committed in Wisconsin and charged under Wis. Stat. § 943.32. On its face, Wis Stat. § 943.32 appears to define criminal acts in a manner that fits within subsection (i) of § 924(e)(2)(B), by making criminal the taking of property from the owner by using or threatening the imminent use of force, suggesting that anyone found guilty of violating the statute could be said to have committed a violent felony. However, petitioner contends that the Wisconsin Supreme Court has construed the statute so broadly that it cannot be said to require *physical* force in all applications; as a result, it cannot be said that any violation of the statute constitutes a violent felony within the meaning of § 924(e))2)(B).

To support his claim that Wis. Stat. § 943.32 can be violated by non-violent acts, petitioner relies on the state supreme court's decisions in Whitaker v. State, 83 Wis. 2d 368, 76, 265 N.W.2d 575 (1978), and State v. Walton, 64 Wis. 2d 36, 218 N.W.2d 309 (1974). In Whitaker, the state supreme court upheld the trial court's refusal to submit a lesser included offense of "theft from a person" to the jury in addition to the charged crime of robbery in violation of Wis. Stat. § 943.32. In doing so, the supreme court noted that the significant difference between theft from a person and robbery is that robbery requires proof that force was used in the taking; "[t]hus if the evidence in one reasonable view, does support a conclusion that force was used in taking the victim's purse, the instruction on theft should have been given." Id. at 375-76, 218 N.W.2d at

579. However, it continued, no such instruction was necessary in Whitaker's case because "[e]vidence of physical violence is not required to establish a forcible taking," id. at 376, 218 N.W.2d at 579 (citing Walton, 64 Wis. 2d at 41, 218 N.W.2d 309).

Walton involved a 64-year-old retired bookkeeper whom the defendant had followed for a block after she came out of a bank. He caught up with her, pulled a bank pouch out of her arms without touching her and ran away. He was charged with robbery, but argued that he was guilty only of theft, which required a showing of intentionally taking and carrying away movable property of another without consent and with intent to deprive the owner permanently of possession of such property, in violation of Wis. Stat. § 943.20(1)(a). He denied he was guilty of robbery in violation of Wis. Stat. § 943.21(a), arguing that the statute defines 'robbery" as taking property with intent to steal it from the person or presence of the owner"by using force against the person of the owner with intent thereby to overcome his physical resistance or physical power of resistance to the taking or carrying away of the property."

The state supreme court gave defendant's argument short shrift, saying that his actions met the requirements for the crime of robbery because he took the victim's property "by force and in such a manner as to overcome any physical resistance or power of resistance by the victim." Walton, 64 Wis. 2d at 42, 219 N.W.2d at 312. In support of its conclusion, the court quoted 67 Am. Jur. 2d, Robbery, p. 43, sec. 21:

> Although actual force, as distinguished from constructive force, implies personal violence, the degree of force used is immaterial, so long as it is

> sufficient to compel the victim to part with his property. Any struggle to maintain the property, any injury to the victim, or any resistance on his part that requires greater counterattack to effect the taking, is ordinarily regarded as sufficient to satisfy the requirement. The same is true if the force used, although insufficient actually to frighten the victim, surprises him into yielding.

See also State v. (Vladimir) Walton, 114 Wis. 2d 597, 338 N.W.2d 529 (Ct. App. 1983) (unpublished) (state court of appeals held that defendant was properly charged with robbery in violation of § 943.32(1)(a) when he snatched bank bag from victim without touching her).

In two recent cases, the District Court for the Eastern District of Wisconsin has held in well-reasoned opinions that Wisconsin convictions for robbery under Wis. Stat. § 943.32 do not qualify as violent felonies under § 924(e)(2)(B)(i). Stewart v. United States, ___ F. Supp. 3d___, 2016 WL 302114 (May 25, 2016); Robinson v. United States, ___F. Supp. 3d___, 2016 WL 3059764 (May 24, 2016). As that court noted, "[s]tates are of course free to define their robbery offenses any way they want, see Gardner v. United States, [823 F.3d 793, 804 (2016)], but federal law supplies the definition of 'violent force.'"

As Wayne LaFave points out in Substantive Criminal Law § 20.3(d)(1) (2015), the "great weight of authority supports the view that there is not sufficient force to constitute robbery when the thief snatches property from the owner's grasp so suddenly that the owner cannot offer any resistance to the taking." Despite this "great weight of authority," several states besides Wisconsin categorize a taking as forcible even in the

absence of actual or threatened physical violence.  In United States v. Parnell, 818 F.3d 974 (9th Cir. 2016), for instance, the court found that"the force required by the actual force prong of robbery under Massachusetts law does not satisfy the requirement of physical force under § 924(e)(2)(B)(i)---'force capable of causing physical pain or injury to another person.'"  Id. at 979 (citing Curtis Johnson, 559 U.S. at 140).  The Massachusetts law required no resistance by the victim: "[S]o long as the victim is aware of the application of force that deprives him of his property . . . , the requisite degree of force is present to make the crime robbery," id at 978-79. See also United States v. Gardner, 823 F.3d 793 (4th Cir. 2016) (North Carolina common law robbery did not necessarily include use, attempted use or threatened use of force capable of causing pain or injury to another person and therefore did not qualify as violent felony under Armed Career Criminal Act).

In opposition to petitioner, the government relies on the holding in United States v. Otero, 495 F.3d 393 (7th Cir. 2007), that a prior Wisconsin robbery conviction supported sentencing the defendant as a career offender sentencing because robbery was an enumerated crime of violence under the sentencing guidelines.  This holding is not helpful in analyzing 18 U.S.C. § 924(e)(2)(B) for Armed Career Criminal purposes.  This statute makes no reference to the crime of robbery.  Robbery is an "enumerated crime" only under the guidelines, where the application notes specify that it is a crime of violence for purposes of the guideline.  Moreover, Otero was decided before 2010, when

the Supreme Court clarified the meaning of the term "violent felony," as used in § 924(e)(2)(B)(i) in Curtis Johnson, 559 U.S. 133.

The differences in the way that states define crimes are well illustrated in United States v. Duncan, No. 15-3405, ___F.3d. ___, 2016 WL 4254936 (7th Circuit, Aug. 2, 2016), a recent decision involving an Indiana robbery statute, Indiana Code § 35-42-5-1. The statute read in relevant part:

> A person who knowingly and intentionally takes property from another person or from the presence of another person:
>
> (1) by using or threatening the use of force on any person; or
>
> (2) by putting any person in fear; commits robbery, a Level 5 felony.

In analyzing this statute, both the district court and the court of appeals relied on United States v. Lewis, 405 F.3d 511 (7th Cir. 2005), which held that a conviction for robbery under Indiana state law constituted a crime of violence under the elements clause of the Armed Career Criminal Act.  In Lewis, the court had interpreted the second clause of the Indiana statute as requiring "fear of physical injury rather than that of defamation; § 35-42-5-1 is not a blackmail statute."  Reviewing the holding in 2016, the court agreed that an Indiana robbery conviction met the elements clause of a crime of violence.  It disagreed with the defendant that the fear of physical injury did not rise to the level of force required by the Court in Curtis Johnson, 559 U.S. at 140: "force capable of causing physical pain or injury to another person."  The court explained that, in Lewis, "[w]e

9

made clear that robbery by 'putting any person in fear' is Indiana's equivalent of taking property from the person of another by threat of physical injury, so it falls under the still-valid elements clause [of § 924(e)(2)(B)(i)]." The court added that it did not see how, "in the ordinary case, the State will be able to prove that a victim feared bodily injury if he did not comply with a robber's demands without showing that the robbery employed a threat of physical harm, either explicit or implicit." Duncan, 2016 WL 4254936 at *5.

The differences between Wisconsin's and Indiana's approaches mean that robbery in Indiana is a crime of violence within the meaning of § 924(e)(2)(B)(i) but robbery in Wisconsin is not. Petitioner has established that the Wisconsin law under which he was convicted of robbery does not require the use, attempted use, or threatened use of physical force as required under § 924(e)(2)(B)(ii) of the Armed Career Criminal Act. Accordingly, I find that he should not have been classified as a violent felon under that Act when he was sentenced and that he is entitled to resentencing without any § 924(e) enhancement.

ORDER

IT IS ORDERED that petitioner Laquieton Branch's motion for post conviction relief under 28 U.S.C. § 2255 is GRANTED. Counsel should meet promptly to

determine a date for re-sentencing, in consultation with the clerk's office.

Entered this 22d day of August, 2016.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge